IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN GALIETTI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : 3:15-CV-1385 |
| | : (JUDGE MARIANI) |
| GREATWIDE DEDICATED | : |
| TRANSPORT I, LLC, and | : |
| FRANKLIN D. WYATT, | : |
| | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

The case at bar arises out of a vehicular accident that occurred on June 3, 2015. Plaintiff Ivan Galietti asserts that he sustained serious and life-threatening injuries in the accident, which he alleges were the result of Defendants' carelessness and negligence. Defendant Franklin D. Wyatt, by and through his criminal defense Counsel, David Jay Glassman, moves the Court for a stay of all discovery in this civil action, "pending the resolution of Mr. Wyatt's criminal proceedings" (Doc. 36). Criminal defense counsel has submitted a Brief in Support of said motion (Doc. 37). Defendants Greatwide Dedicated Transport I, LLC and Franklin D. Wyatt, by and through their civil defense Counsel, James A. Wescoe, have also submitted a Memorandum of Law in support of staying discovery pending the "resolution of related criminal proceedings" (Doc. 38). Plaintiff opposes the motion (Doc. 39). Additionally, Monroe County Assistant District Attorney Curtis J. Rogers on behalf of the

1

Commonwealth of Pennsylvania has filed a "Motion to Intervene and Stay Discovery Pending Resolution of Related Criminal Proceedings" (Doc. 34).

In a telephonic discovery conference held on March 4, 2016 and in a subsequent Order dated that same day (Doc. 31), the Court indicated that it would "not require Defendant Franklin Wyatt to be deposed or to offer testimony in any form." Upon review of the parties' subsequent submissions, the Court finds that a limited stay of discovery in line with its March 4, 2016 Order is appropriate; thus, for the reasons stated below, the Court will grant Defendants' Motion to Stay Discovery as to discovery sought from Franklin Wyatt himself, but will deny the Motion as to the eight scheduled depositions of other fact witnesses already identified.

## II. STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 136 (3d Cir. 2004). "[T]he decision to stay civil proceedings calls for the trial court, in its discretion, to balance the various interests of the parties, the court, and the public." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003) (citing *Landis*, 299 U.S. at 254-56). When determining whether to issue a stay of part or all of the proceedings in a civil case due to parallel or related criminal proceedings, courts consider six factors:

1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Barker v. Kane*, No. 1:15-CV-1924, 2016 WL 827129, at *4 (M.D. Pa. Mar. 3, 2016).

### III. DISCUSSION

The Court will review each factor in turn.

#### A. Degree of Overlap

"The degree of overlap between the pending civil and criminal cases is widely considered 'the most important threshold issue' in determining whether or not to impose a stay." *Barker*, 2016 WL 827129, at *4 (quoting *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002)). Here, there is considerable, if not coextensive, overlap between this civil matter against Defendant Wyatt and any criminal proceedings against him that may arise as a result June 3, 2015 vehicular accident. Both the civil action and any criminal charges that could conceivably be brought against Defendant Wyatt will necessarily involve questions about his conduct leading up to and during the accident. Though significantly tempered by the fact that no actual criminal *case* has been filed against Defendant Wyatt, (*see infra* Part III(B)), this factor weighs in favor of granting the requested stay.

#### B. Status of Criminal Proceedings

While Defendants' Brief (Doc. 37) and Memorandum (Doc. 38) in Support of Defendant Wyatt's Motion to Stay refer to the "resolution of criminal proceedings" against Defendant

3

Wyatt, the Court notes that, as of the date of this Memorandum and Order, it has not been advised that any formal criminal charges have in fact been brought against him. This fact weighs heavily in the Court's decision, because, as case law makes clear:

> [a] stay is most appropriate when criminal charges have been filed against the moving party. Pre-indictment requests to stay parallel civil litigation are routinely denied because the defendant faces a reduced risk of self-incrimination. Further, the requested postponement is typically contingent upon a criminal investigation of indefinite duration. When a party seeking a stay has not yet been indicted, the court may deny the motion on that ground alone.

Barker, 2016 WL 827129, at *5 (internal quotation and citation omitted). An Assistant District Attorney in the county in which the vehicular accident occurred describes the present status of the criminal case against Defendant Wyatt only as follows: "formal initiation of charges may arise in the near future." (Doc. 34 at ¶ 10). The Court is not inclined to put a halt to Plaintiff's civil case on the strength of such an uncertain statement; thus, this factor weighs against granting a stay of all discovery.

### B. Plaintiff's Interests

All Plaintiffs has a legitimate interest in in the expeditious resolution of their cases, see AIG Life Ins. Co. v. Phillips, No. CIV.A. 07-CV-00500PS, 2007 WL 2116383, at *3 (D. Colo. July 20, 2007), and, in light of this, a court may require more than an assertion of Plaintiff's right to pursue his case expeditiously in determining whether to issue a stay, see State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, No. CIV.A. 01-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002). However, the Court believes the prejudice to Plaintiff of a stay of all discovery in this case is obvious to the extent that Plaintiff would then be prevented from taking

4

the deposition testimony of fact witnesses while they are (1) alive; (2) competent; and (3) possessed of accurate recollections of the material facts at issue in this case. Additionally, "it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities." *Id.* Thus, this factor weighs against a stay of all discovery. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *3 ("[A] limited stay of discovery will at least allow plaintiff to proceed with its case and will thus cause less prejudice to plaintiff than a stay of the entire action.").

### D. Burden on Defendants

The burden on Defendant Wyatt if fact discovery proceeds is minimal; as indicated above and elaborated on in the Order following this Opinion, at this stage of the civil litigation and of the criminal investigation, the Court will not permit any attempt by Plaintiff to gain information from Defendant Wyatt. Given this, the fears of Defendant Wyatt's criminal defense counsel will not be realized: Defendant Wyatt will not "be placed in the position of waiving his Fifth Amendment privilege in order to defend this civil matter," nor will he "be placed in the position of asserting his Fifth Amendment privilege in order to protect himself in the criminal investigation, and thereby be subjected to adverse inference in this [civil] matter." (Doc. 37 at 12). While Defendant Wyatt's criminal defense counsel asserts that this Court has the "mistaken belief that the Plaintiff's concession to not to depose [*sic*] or call Wyatt at trial is a cure-all," (Doc. 37 at 13), the Court does not contemplate allowing this case to go to trial while Defendant Wyatt's ability to participate is hamstrung by pending criminal proceedings and

where participation in the civil trial would place Defendant Wyatt in the position of deciding whether to testify or to assert his Fifth Amendment privilege, thereby giving rise to an adverse inference from its assertion. Instead, the Court has only sought to balance the interests of Plaintiff in timely acquiring the information he needs from third party witnesses, while protecting Defendant Wyatt from attempts to extract information from him or from having to assert his Fifth Amendment privilege in this civil action. Thus, given the Court's earlier statement that it would "not require Defendant Franklin Wyatt to be deposed or to offer testimony in any form" (Doc. 31), and its decision to continue in this vein while allowing Plaintiff to proceed with depositions of eight other identified fact witnesses, Defendant is not greatly burden by the denial of a stay of all discovery and this factor weighs against the issuance of such a stay.

### E. Interest of the Court

This Court "has an interest in resolving individual cases efficiently." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998). While the Court is not unmindful of the proposition that the resolution of the criminal investigation and any potential charges arising out of it may serve to clarify and define issues in the civil matter, (*see* Doc. 37 at 13), the Court must return to the fact that whether or not criminal charges will ever be brought against Defendant Wyatt is uncertain. "The convenience to the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [Defendant Wyatt]." *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233, 1993 WL 481335, at *2

(S.D.N.Y. Nov. 18, 1993). As such, the interests of the Court are best served by denying the request for a stay of all discovery.

### F. Public Interest

A claim by either Plaintiff or Defendants that this factor falls squarely on one side of this discovery dispute or the other is belied by the amorphous and varied nature of "the public interest." The Court believes that the public interest is best served by the process in which it has engaged in considering whether or not to grant a stay of discovery in this matter – that is, a careful balancing process that seeks to accommodate the civil process initiated by Plaintiff Ivan Galietti, who, by all accounts, is the victim of the events of June 3, 2015, and the interest of Defendant Franklin Wyatt in being shielded from efforts to compel him to either waive or assert his Fifth Amendment privilege and risk any adverse inferences drawn from therefrom in his civil case.

### IV. CONCLUSION

The Court finds that, on balance, a partial stay of discovery is appropriate. Plaintiff will not be permitted to take any discovery of Defendant Wyatt, unless voluntarily agreed to until the criminal proceedings against him are completed or until further Order of this Court. Plaintiff may proceed with the depositions of the fact witnesses that have already been scheduled.

**ACCORDINGLY, THIS 17TH DAY OF MARCH, 2016, IT IS HEREBY ORDERED THAT:**

1. The stay of discovery is **GRANTED** with respect to Defendant Franklin D. Wyatt, and, more specifically, with respect to any attempt to depose him or otherwise obtain information from him through any means, formal or informal, oral or written.

2. The stay of discovery is **DENIED** as to the other fact witnesses whom the Plaintiff has identified thus far as scheduled to be deposed, (*see* Doc. 39, Ex. 1), to wit, the depositions of Tyler Waters, Thomas Slavin, Robert Sebastianelli, Tyler Oshura, Roger Newman, Redmond Lines, Brian Janoski, and Meredith Bunkers.

3. With respect to any further proceedings, the Court's Order denying a stay for the purposes of the discovery described above in Paragraph 2 is without prejudice to Defendant Franklin D. Wyatt's ability to return to this Court to again seek a stay of proceedings in this matter as to the subsequent pursuit of this case by Plaintiff; this is particularly so should Defendant Wyatt have criminal proceedings initiated against him which arise out of the June 3, 2015 vehicle collision that is the subject matter of Plaintiff's above-captioned civil action.

4. The Commonwealth's "Motion to Intervene and Stay Discovery Pending Resolution of Related Criminal Proceedings" (Doc. 34) is **GRANTED** to the extent that the Commonwealth seeks to intervene in this civil matter under Federal Rule of Civil Procedure 24. Said Motion is **DENIED** to the extent that it requests a stay of all further discovery in this case for the reasons set forth in the foregoing opinion. As ordered in Paragraphs 1 and 2 above, a stay of discovery has been granted with respect to

Defendant Franklin D. Wyatt and denied as to the other fact witnesses whom the Plaintiff has identified thus far as scheduled to be deposed.

                                      */s/ Robert D. Mariani*
                                      Robert D. Mariani
                                      United States District Judge